FILED

2018 MAR -8 AM 3: 10

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA
*ex. rel.* HOLLY LOEBL,

               **Relator,**

vs.

UROGYNECOLOGY SPECIALISTS
OF FLORIDA, LLC, and
FLORIDA WOMAN CARE, LLC,

               **Defendants.**

CIVIL ACTION FILE NO.
6:16-cv-1722-Orl-37KRS

FALSE CLAIMS ACT- QUI TAM
FILED IN CAMERA AND
UNDER SEAL

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff and Relator, **HOLLY LOEBL,** and states that this is an action brought on behalf of the United States of America by her as the Relator. The action is against Defendants, **UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC** and **FLORIDA WOMAN CARE, LLC**. The action is brought pursuant to the Qui Tam provisions of the Civil False Claims Act, *31 U.S.C. §§ 3729-33.* This amendment is pursuant to *Federal Rule of Civil Procedure 15 (a)(1).*

The Defendants are health care providers and the claims arise from Defendants' fraudulent billing practices.

## THE PARTIES

## THE DEFENDANTS

1.    All of the named Defendants are providers of health care services.

S-18

2.      All of the named Defendants are legal entities related through Defendant, Florida Woman Care LLC's, ownership and control of Defendant, Urogynecology Specialists of Florida, LLC, per entry verified on www.sunbiz.org on September 22, 2016.

## DEFENDANT, UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC

3.      Defendant, Urogynecology Specialists of Florida, LLC, is a Florida domiciled limited liability company.

4.      The principal address of Urogynecology Specialists of Florida, LLC listed is 810 N. Orange Avenue, Suite 710, Orlando, FL 32804.

5.      Urogynecology Specialists of Florida, LLC's document number assigned by the Florida Secretary of State is L13000138952. Its Federal Employer Identification Number is 36-4777907.

6.       Urogynecology Specialists of Florida, LLC is a member managed LLC with a single member listed as Florida Woman Care, LLC at address 660 Glades Road, Suite 340 Boca Raton, FL 33431.

7.      An organizational chart is attached to this Complaint as Exhibit A.

## DEFENDANT, FLORIDA WOMAN CARE, LLC

8.      Defendant, Florida Woman Care, LLC, is a Florida domiciled limited liability company.

9.      Florida Woman Care, LLC's principal address is 1501 Yamato Road, Suite 200W, Boca Raton, FL 33431.

10.     Florida Woman Care, LLC's document number assigned by the Florida Secretary of State is L07000077076. Its Federal Employer Identification Number is 26-0609255.

## THE PLAINTIFF - RELATOR

11.     The Relator, Ms. Holly Loebl, is a natural person and a citizen of the United States.  She resides in the State of Florida.

12.     Ms. Loebl brings this *qui tam* action based upon direct and unique information obtained during her employment with Defendant, Urogynecology Specialists of Florida, LLC.

13.     Ms. Loebl began working for Defendant, Urogynecology Specialists of Florida, LLC in July 2015.  She was employed as a Physician's Assistant, per her licensure in the State of Florida.

14.     While employed by Defendants, Ms. Loebl worked in Defendants' clinic performing pre-operative visits, post-operative visits, ordering labs, ordering prescriptions, and ordering and interpreting tests.

15.     As part of her job duties, Ms. Loebl also created accurate charting to memorialize patient interactions.

16.     Ms. Loebl has been employed as a Board Certified Physician's Assistant (PA-C) since February of 2004. Her resume is attached as Exhibit B.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action pursuant to *28 U.S.C. § 1331* and *31 U.S.C. § 3732(a)* and *3730(b)*.

18.     This Court has jurisdiction over this *qui tam* action.  Ms. Loebl is an "original source" and is otherwise authorized to maintain this action in the name of the United States as contemplated by the Civil False Claims Act, *31 U.S.C. § 3729-33*.

19.     One or more of the Defendants can be found in, reside in, and/or transact business in this judicial district.

3

20.     The acts proscribed by *31 U.S.C. § 3729* have been committed by one or more of the Defendants in this judicial district.

21.     Venue is proper within the meaning of *28 U.S.C. § 1391(c)* and *31 U.S.C. § 3732(a)*.

## CONDITIONS PRECEDENT

22.     Ms. Loebl has made the requisite voluntary disclosures to the United States concurrent with the filing of this lawsuit under seal as required by *31 U.S.C. § 3730(b)(2)*. Because the disclosure statement includes attorney-client communications, the work product of the Relator's attorneys, and is submitted to the Attorney General of the United States and the United States Attorney for the Middle District of Florida in their capacity as potential co-counsel in the litigation, no claim of privilege or work product is waived by Ms. Loebl.

## BASIS OF FRAUDULENT ACTS AND OMISSIONS

23.     The Defendants provide health care services to individual patients ("Medicare Beneficiaries") who are enrolled in the Medicare Part B Program for physicians' services.

24.     The Medicare Part B Program is a one hundred (100) percent federally subsidized health insurance system for disabled persons or persons who are 65 years of age or older.

25.     The benefits covered by Part B of the Medicare Program include medical treatment and services by physicians pursuant to 42 U.S.C §1395k(a)(2)(B).

26.     An enrolled individual who obtains a covered medical service can either pay for the medical service and request reimbursement of eighty (80) percent of the reasonable charge, or assign the right to reimbursement to the physician providing the service, who then collects the reimbursement as an assignee of the beneficiary pursuant to 42 U.S.C §1395u(b)(3)(B)(ii).

27.    As a matter of routine, individual patients (Medicare Beneficiaries) were asked to assign their benefits for reimbursement to the Defendants' physicians. This assignment permitted the Defendants' physicians to submit claims for payment directly to the Medicare Program administrator.

28.    The Defendants electronically submitted standardized claims forms ("HCFA 1500") for their employed physicians to the Medicare Program administrator.

29.    For a HCFA 1500 claim to be paid by the Medicare Part B program, it is a requirement that the claim identify each service rendered to a patient by a corresponding code for such services listed in an American Medical Association publication called the Current Procedural Terminology ("CPT").

30.    The CPT is a systematic listing of coding of procedures and services performed by physicians. Each procedure or service was identified by a five-digit code.

31.    The Medicare Part B program reimburses physicians for their services with a specific amount of money corresponding to five-digit CPT code for the service rendered.

32.    In order to participate in the Medicare Part B program, Defendants and their physicians agreed to be accurate, complete, and truthful in their submissions.

33.    In order to participate in the Medicare Part B program, Defendants and their physicians agreed to only submit claims for services that were actually performed.

34.    In order to participate in the Medicare Part B program, Defendants and their physicians agreed to only submit claims for services that were medically necessary.

35.    In order to participate in the Medicare Part B program, Defendants and their physicians agreed to be responsible for their submissions, whether submitted personally by the physicians or submitted by their employees or agents.

5

36.     In order to participate in the Medicare Part B program, Defendants and their physicians agreed to maintain truthful and accurate records supporting the legitimacy of claims submitted for reimbursement.

## SPECIFIC FRAUDULENT ACTS AND OMISSIONS

37.     In July of 2015, Defendants hired Plaintiff and Relator Ms. Loebl (the "Relator") as a Florida licensed Physician's Assistant working in their Orlando offices.

38.     Starting in September of 2015, Defendants' Chief Clinical Officer, Ms. Minedy Laracuente, counseled Ms. Loebl to upcode more visits to level 4 interactions.   Ms. Loebl refused, stating that office visits were properly coded based on her clinical judgment.

39.     The Defendants utilized paper and commercially available software to electronically submit the claims to the Medicare Program administrator via third party billing services company "Autus" prior to September 23, 2015 and then by Advance Medical Billing Solutions LLC (Ms. Sameena Parvez, Managing Member per sunbiz.org), thereafter.

40.     When Ms. Loebl asked Defendant, Urogynecology Specialists of Florida, LLC's CEO and Medical Director, Dr. Chris Walker, why the change was being implemented, he stated that Defendants were "leaving too much money on the table with Autus."

41.     Later in September and throughout the fall of 2015, Ms. Loebl's patients returned to her office for follow-up or other visits. It was at this time Ms. Loebl noticed that many of her patient files contained claims for procedures that were not ordered, or merely on the schedule but not yet ordered or performed.

42.     In September and October 2015, Defendants' Chief Clinical Officer, Ms. Minedy Laracuente proposed that Ms. Loebl use modifier codes in order to make non-billable post-op

6

visits billable.  Ms. Loebl vehemently refused to engage in this practice stating that to do so would be unlawful.

43.    On October 21, 2015, Defendants' Chief Clinical Officer, Minedy Laracuente issued an email directive (below) assigning all non-billable post-op visits to Ms. Loebl, we submit, in retaliation for her opposition to Defendants' unlawful practices.

> **From:** Minedy Laracuente
> **Sent:** Wednesday, October 21, 2015 9:12 AM
> **To:** Yara Cruz
> **Cc:** Sandra Giraldo; Chris Walker; Kathy Puig; Holly Loebl; Dr. Mushonga
> **Subject:** Change in Post Op Visit scheduling
>
> Good morning Yara,
>
> All Post Op visits to be scheduled 4 weeks after surgery with Holley, unless otherwise stated by the provider.
>
> Thank you,
>
> *Minedy Laracuente*, MSN, ARNP, FNP-BC
> **Chief Clinical Officer**
> 801 N. Orange Avenue #710
> Orlando, FL 32801
> Office: 407.480.5110
> Fax: 407.648.9404

44.    Relator confronted Defendant, Urogynecology Specialists of Florida, LLC, verbally and further documented her concerns regarding coding and billing via emails.  These electronic communications were sent to Defendant, Urogynecology Specialists of Florida, LLC's, CEO and Medical Director, Dr. Chris Walker, and staff on October 21, 2015 and again on November 8, 2015 (below).  In the latter email, Ms. Loebl demands time to discuss these open concerns at a staff meeting on November 9, 2015.

**From:** Holly Loebl
**Sent:** Wednesday, October 21, 2015 11:17 PM
**To:** Dr. Walker
**Cc:** Sandra Giraldo; chellyexum@cfl.rr.com
**Subject:** Billing

Dr. Walker and Administrative Staff,


I have noticed that on several occasions, the billing charges are being submitted prior to completion of
my office notes.
Please address this with our billing department, as charges should not be submitted without complete and
accurate documentation.


Thank you,
Holly


**From:** Holly Loebl
**Sent:** Sunday, November 8, 2015 9:42 PM
**To:** Dr. Walker
**Cc:** chellyexum@cfl.rr.com; Sandra Giraldo
**Subject:** Re: Billing

Dr. Walker and Administrative Staff,

This is a follow up email regarding my previous email from 10/21/15 about the billing department submitting charges prior to completion
of charts, to which I received no reply.
I have noticed that this practice continues and am not the only provider that is experiencing these problems.
In addition, and more concerning is the billing of charges for services not rendered, which I have recently discovered.
This also, includes changes to my diagnosis codes and billing inconsistent with my
charging. These practices have been done without my knowledge or approval.
I in good conscience am compelled to bring this to your attention in order to do what is right for the practice,
the providers, and the patients, whom we serve.
Please ensure that there is time on the agenda at our Provider meeting on Monday,
11/9/15, to address and remedy these issues.

8

Thank you for your attention to this matter,

Holly

45.     The following is a partial list of patients Ms. Loebl identified as <u>factually false</u>

billings:

    A.  <u>Patient 1</u> – Date of Service: 10/13/2015; Patient "NS;" This was a post-operative

patient. The submitted billing sheet at the time of the patient's check out from the

office was for a no-charge post-operative visit. Upon review of the submitted

claim, Ms. Loebl's charges were upcoded to a 99213 or 99214 with a 25 modifier

included. This is an example of a common process used to upcode charts that

should have been no-charge, post-op visits.

    B.  <u>Patient 2</u> – Date of Service: 8/3/2015; Patient "DB;" Provider Minedy Laracuente,

ARNP; Patient was a new patient. Her past surgical history included

Hysterectomy. On Physical Exam at time of her initial visit on 8/3/15, the chart

notes indicated that her cervix and uterus were normal, (despite having the history

of a previous hysterectomy). At the time of a Subsequent visit (date unknown)

performed by Ms. Loebl, the patient's history was reviewed and her physical

exam noted an absent uterus and absent cervix. This is an example of a common

process used to upcode charts where no actual physical exam was done.

    C.  <u>Patient 3</u> – Date of Service: 11/3/2015; Patient: "CL;" The patient was charged

for a Urodynamics study, which was scheduled but was not done on 11/3/15. The

patient was initially scheduled for urodynamics.  However, the procedure was

held, due to the patient having an acute UTI. Upon logging in to complete notes,

9

Ms. Loebl discovered that the patient had already been billed for the procedure. This is another example of no procedure performed, yet procedure fraudulently billed.

D. <u>Patient 4</u> – Date of service: 10/27/15;  Patient: "LG;" A claim was submitted for a diagnosis of dysuria that the provider did not enter.  Ms. Loebl recalls, in her office notes for that visit, the patient had denied dysuria.  This is an example of false diagnosis codes being entered to fraudulently enhance billing.

E. <u>Patient 5</u> - Date of Service: 10/30/15; Patient "CT;" Ms. Loebl did not enter billing modifier the chart that was on the submitted claim.  This is an example of false modifier codes being entered to fraudulently enhance billing.

46.    After the November 9, 2015 meeting, Dr. Walker sent an email in response to *only a portion of the billing irregularities* identified by Ms. Loebl.

> **From:** Dr. Walker
> **Sent:** Monday, November 9, 2015 10:57 PM
> **To:** Holly Loebl
> **Cc:** chellyexum@cfl.rr.com; Sandra Giraldo; Minedy Laracuente; Sameena Parvez
> **Subject:** RE: Billing
>
> Dear Holly,
>
> I appreciate you  bringing to my attention your concerns regarding the billing of charges and matters pertaining to the billing department.
>
> Tonight I met with you, Sameena Parvez- Billing Administrator and Minedy Laracuente- Chief Clinical Officer. You kindly brought the following matters
>
> To our attention:
>
> ▪▪▪▪▪▪▪- DOS- 11/3/15... Urodynamics were not performed; bill was erroneously sent to the Insurance company..... this has been corrected by Sameena

███████ DOS- 10/27/15…. We explored this chart and reviewed the diagnosis of dysuria was entered. A forensic analysis revealed that I did not enter this diagnosis and neither did Sameena, since she does not have clinical privileges. We will therefore assume this was erroneously entered at the time of her encounter.

████████████ DOS- 10/30/15… We noted that an inaccurate billing modifier was used…. A modifier 79 vs modifier 59….. this error has also been corrected.

I want you to be reassured I take the process of billing very seriously and have implemented multiple methods in the medical practice to safe guard us from errors. At tonight's meeting we discussed some of these including:- the billing team billing from our scanned billing sheets; the billing team reviewing the providers notes.

I will continue to strive to have a flawless billing service and therefore welcome your input as in this case.

Sincerely,


Christopher Walker, MD, FACOG, FICS, FPMRS
Medical Director
Urogyn Specialists of Florida
www.besturogyn.com



**UroGyn Specialists of Florida**
UroGyn Specialists of Florida 801 N. Orange Ave, Suite 710 Orlando, Fl 32801. info@besturogyn.com
Read more...

47.     Ms. Loebl continued to inquire about the status of her other patients' billings, *other practitioner's billings,* and to press for a resolution to the billing irregularities in her and other office providers' charts throughout the month of November, 2015.

48.     Defendants' Chief Clinical Officer, Ms. Minedy Laracuente, scheduled and submitted a corrective action memo to Ms. Loebl on the evening of November 23, 2015.

11

49.     Defendant's Medical Director, Dr. Chris Walker, terminated Ms. Loebl via letter dated November 25, 2015.

50.     <u>Defendants knowingly and deliberately billed for services that were scheduled, as opposed to actually performed and charted</u>. These factually false, unlawful business processes generated claims for reimbursement that were neither truthful nor accurate.

51.     The purpose of the fraudulent actions described in this Complaint was to enable Defendants to obtain unlawful and excessive reimbursement by Medicare. Defendants have submitted fraudulent claims for reimbursement in express violation of federal and state statutes, rules, and regulations. Defendants have engaged in the following intentional, unlawful, and fraudulent activities:

    A. Fraudulent billing submissions from Urogynecology Specialists of Florida, LLC for services which were scheduled <u>but not performed</u> by physicians, ARNPs, or PAs;

    B. Fraudulent billing submissions from Urogynecology Specialists of Florida, LLC for services which were simply <u>never performed</u> by physicians, ARNPs, or PAs

    C. Wrongful upcoding of Current Procedural Terminology ("CPT") billing codes by Urogynecology Specialists of Florida, LLC in order to make non-billable follow-on post surgical visits billable;

    D. Wrongful unbundling of procedures which are bundled under the applicable CPT code by Urogynecology Specialists of Florida, LLC; and,

    E. Failure to return overpayments or make adjustments for improper payments received from Government Payors.

52.     Further, Defendants are and have been unlawfully billing the Medicare program for physician services that were in fact performed by non-physicians outside of guidelines provided by CMS.

53.     The economic motive for billing for physician services is to be reimbursed at a rate higher than what would otherwise be permitted if truthful and lawful bills had been submitted.

54.     Defendants have actual knowledge of daily fraudulent submissions and overcharges to the United States resulting from improper coding.

55.     It is on opinion and belief that these management demands arose at times when Urogynecology Specialists of Florida, LLC's reimbursements were less than expected by management, or when short-term cash flow needs arose.

56.     Defendants' failure to return overpayments and/or make adjustments for improper payments received from Government Payors violates the False Claims Act.

57.     Defendants' intentional fraudulent billing, upcoding, and unbundling could have been corrected by reimbursing Government Payors for the Medicare payments.

58.     Defendants' may indeed have tried to return some small amount of payments to placate Ms. Loebl, as they represented.

59.     Instead, Defendants chose to conceal the fraudulently earned payments and failed to return the overpayments across multiple billing practitioners and multiple offices.

60.     Additionally, Ms. Loebl was not aware at any time during her employment with Urogynecology Specialists of Florida, LLC of an internal compliance program or reporting mechanism for an employee wishing to report suspected errors or abuse.  Instead, she directly confronted her superiors and their practice managers verbally and via email.

13

61.     On opinion and belief, these unlawful practices amount to millions of dollars in unlawful billings across Defendants' multiple practitioners, and the Defendants' multiple offices.

## COUNT ONE

### PRESENTING AND CAUSING TO BE PRESENTED FALSE CLAIMS FOR MEDICAL SERVICES IN VIOLATION OF VIOLATION OF THE FEDERAL FALSE CLAIMS ACT *31 U.S.C. § 3729-33*

62.     Paragraphs 1 through 61 are incorporated into Count I as if more fully set forth herein.

63.     This is a civil action brought by Ms. Loebl on behalf of the United States against the Defendants, **UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC and FLORIDA WOMAN CARE, LLC** ("Defendants") under the Federal False Claims Act, *31 U.S.C. §3729-33*.

64.     Defendants knowingly or recklessly disregarded or in deliberate ignorance of the truth or the falsity of the information involved, presented, or caused to be presented, false or fraudulent claims for payment to federally-funded health insurance programs, in violation of *31 U.S.C. § 3729(a)(1)(A)*.

65.     Further, Defendants in reckless disregard or deliberate ignorance of the truth or the falsity of the information involved made, used, caused to be made, or caused to be used false or fraudulent records and statements to get false or fraudulent claims paid or approved, in violation of *31 U.S.C. § 3729(a)(1)(B)*.

66.     The Government Payors, unaware of the falsity of the claims and/or statements made or caused to be made by the Defendants, and in reliance on the accuracy of these claims and/or statements, paid for purported medical procedures and services provided to individuals insured by federally-funded health insurance programs, including Medicare. Had the United

14

States known that the bills presented by Defendants for payment were false and misleading, payment would not have been made for such claims.

67.     Additionally, Defendants have violated *31 U.S.C. § 3729(a)(1)(G)* by knowingly making, using, or caused to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

68.     As a result of Defendants' actions, the Government Payors have been damaged.

WHEREFORE, the Plaintiff and Relator, **Ms. Loebl** and the **United States of America**, pray for judgment in their favor as follows:

A. That Defendants be ordered to cease and desist from submitting and/or causing the submission of additional false claims or otherwise violating *31 U.S.C. § 3729-33*;

B. That judgment be entered in favor of the **United States of America** and **Ms. Loebl** and against Defendants, **UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC** and **FLORIDA WOMAN CARE, LLC,** in the amount of each and every false or fraudulent claim multiplied as provided by *31 U.S.C. § 3729*, plus a civil penalty of not less than five thousand five hundred dollars ($5,500.00) per claim, as provided by *31 U.S.C. § 3729*, to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial;

C. That Ms. Loebl be awarded the maximum amount permissible according to *31 U.S.C. § 3730(c)*;

15

D. That judgment be granted for the United States of America and Ms. Loebl for all violations by the Defendants of the False Claims Act;

E. That United States of America and Ms. Loebl recover any and all damages available to them as a result of Defendants' stated violations of the False Claims Act;

F. That judgment be granted for the United States of America and Ms. Loebl and against Defendants for any costs, including, but not limited to, court costs, expert fees, and all attorneys' fees incurred by Ms. Loebl in the prosecution of this case; and

G. That the United States and Ms. Loebl be granted such other and further relief as the Court deems just and proper.

## COUNT TWO

### CONSPIRACY TO VIOLATE THE FALSE CLAIMS ACT
### *31 U.S.C. § 3729(a)(1)(C)*

69.     Paragraphs 1 through 61, and 62 through 68, are incorporated into Count Two as if fully set forth herein.

70.     Defendants conspired with one another to obtain payment by the Government Payors for the false and fraudulent claims.

71.     Accordingly, the Defendants acted in a concerted fashion to defraud the Government Payors, and the Defendants acted with others in keeping the facts necessary to investigate the fraud and the damages caused by the fraud away from the United States. Defendants violated *31 U.S.C. § 3729(a)(1)(C)*.

16

WHEREFORE, the Plaintiff and Relator, **Ms. Loebl** and the **United States of America**, pray for judgment in their favor as follows:

A. That Defendants be ordered to cease and desist from submitting and/or causing the submission of additional false claims or otherwise violating *31 U.S.C. § 3729-33*;

B. That judgment be entered in favor of the **United States of America** and **Ms. Loebl** and against Defendants, **UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC** and **FLORIDA WOMAN CARE, LLC,** in the amount of each and every false or fraudulent claim multiplied as provided by *31 U.S.C. § 3729*, plus a civil penalty of not less than five thousand five hundred dollars ($5,500.00) per claim, as provided by *31 U.S.C. § 3729*, to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial;

C. That Ms. Loebl be awarded the maximum amount permissible according to *31 U.S.C. § 3730(c)*;

D. That judgment be granted for the United States of America and Ms. Loebl for all violations by the Defendants of the False Claims Act;

E. That United States of America and Ms. Loebl recover any and all damages available to them as a result of Defendants' stated violations of the False Claims Act;

F. That judgment be granted for the United States of America and Ms. Loebl and against Defendants for any costs, including, but not limited to, court costs, expert

fees, and all attorneys' fees incurred by Ms. Loebl in the prosecution of this case; and

G.  That the United States and Ms. Loebl be granted such other and further relief as the Court deems just and proper.

## COUNT THREE

## RETALIATION UNDER FALSE CLAIMS ACT
### *31 U.S.C. § 3730(h)*

72. Paragraphs 1 through 68 are incorporated into Count III as if more fully set forth herein.

73. Defendants' receive funds from Government Payors and are subject to *31 U.S.C. § 3729-33.*

74. Ms. Loebl engaged in protected activity under the False Claims Act when she opposed and refused to participate in Defendants' unlawful acts, as detailed herein.

75. Defendants' discriminated against Ms. Loebl based on this protected activity, as detailed herein.

76. Defendants were aware of her opposition and refusal, as evidenced by email correspondence herein.

77. Ms. Loebl's protected activity in opposition or refusal to participate in Defendants' unlawful acts was, at least, a motivating factor, if not the actual reason for her termination.

78. The temporal span of mere days between Ms. Loebl's opposition or refusals to participate in Defendants' unlawful acts, and Defendants' termination of her employment, establishes a causal connection.

79. Defendants' given reasons for Ms. Loebl's termination are false and pretextual.

80. As a result of Defendants' unlawful actions, Ms. Loebl has been severely damaged.

WHEREFORE, the Plaintiff and Relator, **Ms. Loebl**, prays for judgment in her favor as follows:

    A. That Defendants be ordered to cease and desist from current or future violation of *31 U.S.C. § 3730(h)*;

    B. That judgment be entered in favor of the **Ms. Loebl** and against Defendants **UROGYNECOLOGY SPECIALISTS OF FLORIDA, LLC** and **FLORIDA WOMAN CARE, LLC** and relief granted per *31 U.S.C. § 3730(h)*(2), including front pay in lieu of reinstatement, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees;

    C. That **Ms. Loebl** be granted such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and Relator Holly Loebl demands trial by jury on all issues so triable on this 7th day of March, 2018.

Respectfully submitted,

SPOHRER & DODD, P.L.

ROBERT F. SPOHRER
Florida Bar No.: 0184500
701 West Adams Street, Suite 2
Jacksonville, FL  32204
Telephone: (904) 309-6500
Fax: (904) 309-6501
Email: rspohrer@sdlitigation.com
Secondary Email:  jheape@sdlitigation.com
COUNSEL FOR PLAINTIFF

*and*

DAVID J. RODZIEWICZ
RODZIEWICZ LAW, P.L.
Florida Bar No.: 091211
100 S. Beach St., Suite 212
Daytona Beach, FL  32114
Telephone: (386) 232-8824
Fax: (386) 256-1526
Email: rodzlaw@gmail.com
COUNSEL FOR PLAINTIFF